**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**JOSE PADILLA- GALARZA,**

*Petitioner,*

v.

**UNITED STATES OF AMERICA,**

*Respondent.*

**CIVIL NO. 19-1415 (DRD)**
(Criminal Case No. 15-0078)

**OPINION AND ORDER**

Pending before the Court is Petitioner Jose Padilla Galarza's (hereinafter "Petitioner" and/or "Padilla Galarza") *Motion Under 28 U.S.C. § 2255 to vacate, set aside, or correct Sentence by a Person in Federal Custody* (Docket No. 4).[1] Respondent, the United States of America (hereinafter, the "Government") filed its respective response in opposition thereto. (Docket No. 24). On December 4, 2019, Petitioner filed his Reply thereto. (Docket. No. 31).

The Court notes that prior to filing the instant § 2255 Petitioner, appealed his convictions before the First Circuit and the convictions and sentence of the United States District Court for the District of Puerto Rico were affirmed, subject to remand for the limited purpose of striking the child pornography forfeiture order. *See,* Docket No. 150 in Crim. Case No. 15-0078 (DRD).

For the reasons stated herein, the Court **DENIES** Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. (Docket. No. 1).

**I.    FACTUAL BACKGROUND**

On January 2015, federal law enforcement agents executed a search warrant in Toa Baja, Puerto Rico in a house which Padilla Galarza had inherited from his parents. United States v. Padilla-Galarza, 886 F. 3d 1, 4 (1st Cir. 2018) During the search, the agents found ammunition and 1,293.10 grams of marijuana. *Id.* A Grand Jury returned a Two-Count *Indictment* against the

---

[1] A *Memorandum in Support of 2255 Petition* was included. *See* Docket. No. 1. On August 24,2020 petitioner also filed a *Motion Submitting Additional Evidence in Support of 2255 Petition.* (Docket No. 36)

Petitioner for being a prohibited person in possession of ammunition, in violation of 18 U.S.C. §922 (g)(1) (hereinafter, "Count One") and possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841 (a)(1) and b (1)(D) 1,3 (hereinafter, "Count Two"). *Id. See* also, Crim No. 15-cr-0078 at Docket No. 1.

Petitioner was found guilty on Count One and Count Two of the Indictment on August 27, 2015. *See,* Crim No. 15-cr-0078 at Docket No. 136. Accordingly, on December 3, 2015, Petitioner was sentenced to forty-six (46) months of imprisonment, to be served consecutively to the sentences imposed in criminal cases 15-079 (DRD) and 15-633 (GAG). Upon release from imprisonment the Petitioner would be on supervised release for the term of three (3) years. *Id.*[2]

On April 30,2019, the Petitioner timely initiated the instant matter pursuant to 28 U.S.C. § 2255 (Docket No. 1). In summary, Petitioner claims that: (1) his appellate counsel was ineffective for misstating the record to Petitioner's detriment and not including additional legal arguments in the brief; and (2) alleged government misconduct violated Padilla's due process rights. On October 4, 2019, the Government filed a *Response* (Docket No. 24) in opposition thereto, averring that: (1) Petitioner received effective assistance of counsel on appeal; (2) Petitioner was not prejudiced by appellate counsel's misstatement of the record and (3) that Petitioner's claim of government and prosecutorial misconduct were procedurally defaulted.

## II.    ANALYSIS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may file a petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise

---

[2] On May 4, 2018, the Court entered and Amended Judgment eliminating the forfeiture order pursuant to 18 U.S.C. §3742(f)(1) and (2) Crim No. 15-cr-0078 at Docket No. 154

subject to collateral attack." The prisoner is entitled to a prompt hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." Blake v. United States, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); *see* Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994).

### A. Ineffective Assistance of Counsel Claim

Petitioner asserts that he received ineffective assistance of counsel for various reasons. First, Petitioner states in his *Memorandum in Support of 2255 Petition* that one of the issues raised in his brief before the First Circuit was that "the evidence was insufficient to demonstrate that defendant had knowledge of the drugs or ammunition." (Docket No. 1 at 3) Petitioner alleges that appellate counsel misstated the record in his brief "as to where the marijuana and ammunition was found" (Docket No. 1 at 1). According to Padilla Galarza, said mistake materially affected his insufficiency of evidence argument since the First Circuit allegedly relied on said statement to deny Petitioner's sufficiency of evidence argument. Petitioner alleges that appellate counsel's "incorrect narration of the record in a highly prejudicial manner by representing to the Court that the marijuana, bullets, and mannequins were found in the organized bedroom where it could be inferred that he slept there, led the Court to incorrectly dismiss his sufficiency of evidence argument."  (Docket No. 1 at 7)

Second, Petitioner states that appellate counsel was ineffective since she failed to cite a Puerto Rico law that allowed an individual to purchase "all types of ammunition even if they weren't of the type for which you had a license". *Id.* at 5. According to Petitioner, this information was relevant since "the trial evidence showed his father possessed a firearms license since 1994 (Exh. 9c) was within the time period a person could purchase any type of bullets in P.R. (Exh. 10)" *Id.*  at 8.

Third, Petitioner alleges that appellate counsel failed to "include in her argument related to the failure to grant a continuance error Padilla's two prose motions… that included multiple facts that supported the granting of a continuance." *Id.* at 2. According to Padilla Galarza, appellate counsel's failure to include this information materially prejudiced him since the appellate Court was "never made aware of the multiple valid additional reasons that existed that justified finding error in the failure to grant the continuance". *Id.* The Court disagrees with these statements and explains.

To prevail on an ineffective assistance of counsel claim, the Petitioner holds the heavy burden of proving his allegations meet and satisfy the *Strickland* standard. *See* Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Petitioner must prove that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice, meaning that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. Padilla v. Kentucky, 559 U.S. 356, 366 (2010) (quoting Strickland v. Washington, 466, U.S. 668b (1984)); *see* Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994); Lema, 987 F.2d 48, 51 (1st Cir. 1993); López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland, 466 U.S. at 687).

The first prong of the Strickland test is satisfied when the Petitioner proves that counsel's performance fell under an objective standard of reasonableness. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. 687–688. However, it has been recognized that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. In examining whether the Petitioner's representation was below the objective standard of reasonableness Courts should always make a determination as to whether Petitioner received from counsel the constitutional right to an adequate representation. "In all criminal prosecutions, the accused shall enjoy the [right] [. . .] to

have the Assistance of Counsel for his defen[s]e." U.S. Const. amend VI. It is further recognized that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland, 48 U.S. at 690-91.  In any ineffectiveness assistance of counsel case, a particular decision "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* Petitioner could prevail in his claim if he can prove that appellate counsel's actions were "so patently unreasonable that no competent attorney would have made it." Knight v. Spencer, 447 F.3d 6, 15 (1ˢᵗ Cir. 2006).  There is no doubt that Strickland also applies to representations outside of the trial setting, which includes plea bargains, sentence and **appeal**. *See* Missouri v. Frye, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992).

In the case at bar, both Petitioner and the Government, assert that appellate counsel indeed made a mistake when she cited in the brief that the ammunition and marijuana was found in the more organized bedroom. According to Petitioner, "had the correct facts been informed in the brief the insufficiency of evidence argument could have prospered". (Docket No. 1 at. 4) However, as the Government stated, the First Circuit did in fact have the correct facts for consideration since the Government's brief did not contain the same mistake and maintained the adequacy of the evidence. The Court considers that Petitioner has failed to show how if it were not for appellate counsel's error, the result of the appeal would have been different. Even if appellate counsel were to state in the brief that the ammunition and marijuana was found in the disorganized room, where Petitioner did not sleep, this statement could not change the fact that that during the trial, the government introduced "substantial evidence from which a jury could reasonably infer that the house was Padilla's residence, including his admissions during a

interview with federal agents  he owned and frequented the house, the testimony that he was surveilled outside the house, and the evidence that his personal items were found inside the house." Padilla-Galarza, 886 F.3d at 11. Although the First Circuit did indeed state that the "bedroom in which the ammunition and the marijuana were found was in a more organized and clean condition than the rest of the house" Padilla-Galarza, 886 F. 3d at 6, before making such statement, the First Circuit considered the following:

> for the purposes of both statutes under which Padilla was convicted, knowing possession of the contraband may be inferred from evidence of actual possession (meaning "immediate, hands-on physical possession") or constructive possession. Guzmán-Montañez, 756 F.3d at 8 (§ 922(g)(1)); accord García-Carrasquillo, 483 F.3d at 130 (§ 841(a)(1)). And, as pertinent here, "[i]n order to show constructive possession, the government must prove that the defendant 'had dominion and control over the area where the contraband was found.'" United States v. Wight, 968 F.2d 1393, 1397 (1st Cir. 1992) (quoting United States v. Barnes, 890 F.2d 545, 549 (1st Cir. 1989)) (discussing constructive possession in the context of both drug offenses and § 922(g)(1)). Thus, the record need show only that the evidence was sufficient to permit a reasonable jury to find beyond a reasonable doubt that Padilla exercised dominion and control "over the area" in which the contraband was found, as a jury may infer from such a finding of constructive possession that he knowingly possessed the contraband if circumstances would make it reasonable for a jury to do so. *Id.*

> The evidence in this case more than sufficed to permit a jury to reasonably find as much. To begin with, the jury learned that Padilla had admitted in an interview with federal agents that he was an owner of the house in which the ammunition and marijuana were found, that he had made payments on the mortgage for the house, and that he had installed four surveillance cameras at the house in order to deter break-ins and vandalism. Moreover, a federal agent testified that she conducted drive-by surveillance of the house ten days before the search of the house, and that Padilla was standing outside the house as she drove by it.

> The jury further learned that Padilla admitted in the interview with federal agents that he frequented the house during the daytime and that he sometimes slept at the house overnight.

The mere fact that Petitioner's appellate counsel misstated the record does not show that counsel's performance was deficient. Thus, it does not satisfy the Strickland prong that requires objectivity. With regards to the second prong of the test, the Court finds that Petitioner has also failed to prove that appellate counsel's misstatement caused him the prejudice required under the

Strickland test, meaning that he has failed to prove that but for counsel's error, the result of the proceedings would have been different. Considering all of the evidence the First Circuit reviewed, the Court cannot agree with Petitioner that the First Circuit would have ruled upon differently if it were not for counsel's mistake. The additional evidence brought by the Government alone was sufficient to prove that Padilla constructively possessed the ammunition and the marijuana found. Thus, the Court agrees with the Government that "the record is clear that the ammunition was found in a room that while not Padilla's bedroom, he had control over." (Docket No. 24 at 5) It is evident that Appellate counsel's misstatement is not the only statement that the Court of Appeals relied on to reach its conclusion.

The second scenario where Petitioner considers that appellate counsel was ineffective was that she failed to argue before the First Circuit "multiple valid additional reasons that existed that justified finding error in the failure to grant the continuance" (Docket No. 1 at 7). However, the record reflects that appellate counsel did indeed develop and argument as to how the district court's denial of a longer continuance violated Petitioner's Sixth Amendment rights. (Docket No. 1, Exhibit 2, Brief for Appellant at 11-15). Even having these arguments before for consideration, the First Circuit found that the district court did not abuse its discretion in denying the requested continuance. Padilla-Galarza, 886 F. 3d at 8. The fact that counsel did not prevail in her argument is not sufficient grounds for a valid claim of ineffective assistance of counsel. Ávila-Rodriguez v. United States 2022 WL 748110 (D.P.R. Mar. 11, 2022). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits. Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (citing Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)).

However, Petitioner alleges that additional arguments needed to be included that would have led the First Circuit to find that the District Court erred in not granting a continuance of the

trial. Specifically, Petitioner alleges that appellate counsel did not raise important matters regarding that the district's court denial for a continuance prohibited Petitioner from retaining a chemist to determine the net weight and the quality of the drug found and thus, refute the Government's chemist analysis. In summary, these matters needed to be raised by appellate counsel in order to prove that Petitioner's defense "justified the granting of a continuance so that an independent chemist would certify net drug weight and its purity." (Docket No. 1 at 11) Once again, Petitioner makes this argument with he hopes that with a report from a chemist, the outcome would have been different. However, there is little to support petitioner's contention that the result of his appeal would have been different if his appellate counsel had pressed the expert issue on direct appeal. Mostly because an argument with regards to Petitioner's Sixth Amendment right was raised and even said argument was not enough to overrule the district's court determination to deny the continuance of the trial. In summary, Petitioner was obligated to show both that appellate counsel's performance fell below an objective standard of reasonableness, and that prejudice resulted from it, <u>Strickland</u>, 466 U.S. at 687, as to each particular instance in which he claims ineffective assistance of counsel. This Court finds that Petitioner has failed to do so.

### B.  Petitioner's claims of government and prosecutorial misconduct are barred from collateral review

Additionally, Petitioner argues that "the Government's trial evidence was plagued with perjured testimony of its agents; the crime scene was altered by the agents conducting a search of the residence and presented at trial; circumstantial evidence that justified the inference that the one bullet found in the safe was placed there by the agents after they found the pack of rusty bullets in another room and misleading evidence concerning the marijuana was presented at trial that justifies granting Padilla-Galarza 255 relief." (Docket 1 page 12)

A § 2255 motion is not a substitute for direct appeal; therefore, it carries higher standards which the petitioner must clear in order to bring a valid claim. <u>U.S. v. Frady</u>, 456 U.S. 152, 164,

102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); U.S. v. Addonizio, 442 U.S. 178, 184–85, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Hence, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. U.S., 26 F.3d 233, 236 (1994) (citing Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)). Under the "procedural default" rule, "[a] nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." Damon v. United States, 732 F.3d 1, 4 (1st Cir. 2013) (internal citations omitted); see also Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defected.").

However, in cases of this nature, a district court may entertain the petitioner's request for the first time if defendant can "show cause for the failure and actual prejudice" Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994)); see also Bousley v. United States, 523 U.S. 614, 622 (1998) (In order to overcome the procedural default rule and attack his sentence by way of a habeas petition, Petitioner must first demonstrate "either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'".) Petitioner alleges that "it was impossible for Padilla-Galarza to have raised said claims on direct appeal because the record was not developed as to that issue." (Docket No. 31 at 9) Specifically, Petitioner argues that his 2255 petition "includes a substantial amount of documents to sustain the governmental misconduct issues that were never presented at trial nor form part of the District Court record. Thus, it was impossible for Padilla-Galarza to have raised the issue on direct appeal." Id. Padilla-Galarza argues that the impeachment records that constitute Brady material were not produced in a timely manner. Id. However, the Government correctly points out that the record shows that the Government's first discovery letter is dated February 11, 2015 (Docket No.24, Exhibit 1), the second discovery letter is dated March 17, 2015 (Docket No. 24, Exhibit 2) and a final discovery letter was sent on July 27, 2015 (Docket No. 24, Exhibit 3). The trial began on August 26, 2015. (Docket No. 103 at Crim. Case No. 15-0078).

Petitioner argues that "said delayed disclosure of <u>Brady</u> materials constitute an exception to the procedural default argument by the Government and may be raised in a 2255 petition." (Docket No. 31 at 9). The First Circuit has held that to establish a <u>Brady</u> violation, a habeas petitioner must demonstrate: "(1) the evidence at issue is favorable to him because it is exculpatory or impeaching; (2) the Government suppressed the evidence; and (3) prejudice ensued from the suppression (i.e., the suppressed evidence was material to guilt or punishment)." <u>Conley v. United States</u>, 415 F.3d 183, 188 (1st Cir. 2005) However, according to Petitioner's own statement, the Government never suppressed the alleged Brady material since:

> As appears from Document 24-3 a discovery letter dated 07/25/15 was prepared that included for the first time the Evidence Logs and Chain of Custody documents among the 749 pages of the package and multiple audio recordings provided to Eliomar Solano on 07/28/15 at MDC Guaynabo who did not deliver them to Padilla-Galarza until 08/19/15 (Docket 3-38, Exh. 45), just 6 days prior to trial which made it impossible for him to adequately study them. (Document 3-37, Exh. 44). Said delayed disclosure of Brady materials constitute an exception to the procedural default argument made by the Government and may be raised in a 2255 petition. <u>Conley v. U.S</u>, 415 F.3d 183, 188 (1st Cir. 2005).

(Docket No. 31 at 9)

According to the above, the Government did indeed produce the documents that Petitioner considers <u>Brady</u> material. Petitioner's allegations that it was impossible to adequately study them prior to trial does not establish a <u>Brady</u> violation by the Government. The Court conducted a hearing prior to trial to determine if Petitioner knowingly and voluntarily waived his right to counsel, the Court found he did. (Crim. Case No. 15-0078, Docket No. 94 at 1) Additionally, the Court tried by various means to "convince defendant that he would be in a better position if counsel represented him. In fact, it is a duty of this court to warn the defendant of the dangers and 14 disadvantages of self-representation in order to determine whether the waiver of counsel 15 is knowing and intelligent. <u>United States v. Francois</u>, 715 F.3d 21, 30 (1st Cir. 2013) 16 (citing <u>United States v. Proctor</u>, 166 F.3d 396, 402 (1st Cir. 1999))." *Id.* Petitioner chose to be represented pro

se, and the documents were available to him prior to trial. Thus, Petitioner is prohibited from bringing procedurally defaulted claims in his 2255 petition.

### C.  Petitioner is not entitled to discovery nor an evidentiary hearing.

Petitioner has requested the Court to compel the Government to disclose discovery in this proceeding. *See*, Docket No. 1 at page 20, n 2. Specifically, Petitioner request the case agents' disciplinary records. *Id.* The First Circuit has held that a federal habeas petitioner, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course". Donald v. Spencer, 656 F.3d 14, 16 (1st Cir. 2011) Petitioner must have a good cause to request such evidence, specifically since a habeas proceeding "is not a fishing expedition" *Id.* Petitioner has not demonstrated how agents' disciplinary records are relevant to his relief.

Additionally, a prisoner who invokes § 2255 is not entitled to an evidentiary hearing as a matter of right. *See* David v. United States, 134 F.3D 470, 477 (1st Cir. 1998). Evidentiary hearings are the exception, not the norm. When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. *See* United States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993); Mack v. United States, 635 F.2d 20, 26-27 (1st Cir. 1980). The First Circuit has turned these principles into a rule that holds a hearing to be unnecessary "when a §2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226. Expressed more succinctly, a § 2255 motion may be denied without a hearing if based on allegations that "need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *McGill*, 11 F.3d at 226 (citing Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

### III.    CONCLUSION

For the reasons elucidated above, the Court **DENIES** Petitioner, Jose Padilla Galarza's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 15-078 (DRD) (Docket No. 1). Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 6th day of September, 2022.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge